UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BASIM SABRI, MARTY SCHULENBERG, MOHAMED CALI, JAY WEBB, AND ZACHARY METOYER,<br><br>Plaintiffs,<br><br>v.<br><br>WHITTIER ALLIANCE AND THE CITY OF MINNEAPOLIS,<br><br>Defendants. | Civil No. 15-1578 (ADM/SER)<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER** |

Randall D. B. Tigue, **RANDALL TIGUE LAW OFFICE, PA**, 810 North Lilac Drive, Suite 201, Golden Valley, MN  55422, and Robert M. Speeter, **SPEETER & JOHNSON**, 1515 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN  55402, for Plaintiffs.

Ellen McVeigh, **BORENSTEIN and MCVEIGH LAW OFFICE LLC**, 2836 Lyndale Avenue South, Minneapolis, MN  55408, for Defendant Whittier Alliance, and Kristin Sarff, Assistant City Attorney, **OFFICE OF THE MINNEAPOLIS CITY ATTORNEY**, 350 South Fifth Street, Room 210, Minneapolis MN  55415, for Defendant City of Minneapolis.

Plaintiffs Basim Sabri, Marty Schulenberg, Mohamed Cali, Jay Webb, and Zachary Metoyer (collectively, "Plaintiffs") bring this equitable action against defendants Whittier Alliance and the City of Minneapolis.  Plaintiffs' central allegation is that recently enacted Whittier Alliance by-law amendments prohibit their candidacy for Board of Director membership in contravention of the First and Fourteenth Amendments of the United States Constitution and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.17(3).  (*See* Compl. ¶¶ 16, 19-24, Mar. 24, 2015, Docket No 1.)   Whittier

Alliance is scheduled to hold its Board of Directors election tomorrow, March 26, 2015. (Pls.' Mem. in Supp. at 4, Mar. 24, 2015, Docket No. 3.)  Currently before the Court is Plaintiffs' motion for a temporary restraining order to enjoin the March 26, 2015, Board of Directors election.  (Mar. 24, 2015, Docket No. 2.)

The Court held a telephonic hearing on the matter on March 25, 2015.[1]  At the hearing, Whittier Alliance represented that it has incurred numerous expenses in noticing the March 26, 2015, election and any postponement of the election would cause it harm. Indeed, at last year's meeting, according to Whittier Alliance, over 200 people attended. Whittier Alliance further represented to the Court that persons elected to the Board of Directors on March 26, 2015, will not assume or carry out any official duties or responsibilities until the subsequent Board of Directors meeting, which is currently scheduled for April 23, 2015.

The Court generally considers four factors in determining whether to grant a temporary restraining order: (1) the probability that the moving party will succeed on the merits; (2) the threat of irreparable harm to the moving party; (3) the balance of harms as between the parties; and (4) the public interest.  *See CDI Energy Servs. v. W. River Pumps, Inc.*, 567 F.3d 398, 401-02 (8th Cir. 2009) (citing *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).  Irreparable harm is a threshold requirement for preliminary injunctive relief.  *Gelco Corp. v. Coniston Partners*, 811

---

[1] Although this matter is assigned to United States District Judge Ann D. Montgomery, due to scheduling conflicts, the March 25, 2015 telephonic hearing was conducted by United States District Judge John R. Tunheim.  Judge Montgomery will resume handling this matter going forward.

F.2d 414, 418 (8th Cir. 1987).  "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages."  *Rogers Grp, Inc. v. City of Fayetteville, Ark.*, 629 F.3d 784, 789 (8th Cir. 2010) (quotations omitted).

Here, Whittier Alliance and the City of Minneapolis will have had very little time to substantively respond to Plaintiffs' complaint before the election.[2]  Additionally, any harm to the Plaintiffs resulting from the election proceeding tomorrow as scheduled can be sufficiently alleviated by vacating the March 26, 2015, election if the Court determines—prior to April 23, 2015, the date the elected officials assume office—that the conduct Plaintiffs' complain of is unconstitutional or otherwise impermissible.

A central issue in this case, both for determining whether there is jurisdiction and whether the Constitution has been violated, is the question of whether there has been state action on the part of Defendants.  There parties are directed to focus primarily on this question in preparation for the preliminary injunction motion.

Whittier Alliance and the City of Minneapolis are ordered to respond to Plaintiffs' complaint by Wednesday, April 1, 2015.  Judge Montgomery will hold a hearing on the matter on or after April 1, 2015, if necessary.  If, after a complete review of Plaintiffs' claims and Defendants' responses, Plaintiffs sufficiently allege federal jurisdiction and constitutional or MHRA violations, the Court may vacate the March 26, 2015, election

---

[2] At the March 25, 2015 hearing, Whittier Alliance informed the Court that it was in the process of seeking suitable counsel to represent it on this matter.  The City of Minneapolis represented that it had an insufficient amount of time before the hearing to review the complaint to articulate an adequate response to Plaintiffs' claims.

and order a new election without any unconstitutional or otherwise impermissible by-laws. If, on the other hand, Plaintiffs' claims are deemed insufficient, the March 26, 2015 election will stand.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion for a temporary restraining order [Docket No. 2] is **DENIED**.

DATED:  March 25, 2015　　　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge