UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Basim Sabri, Marty Schulenberg, Mohamed Cali, Jay Webb, and Zachary Metoyer,<br><br>Plaintiffs,<br><br>vs.<br><br>Whittier Alliance, a Minnesota not-for-profit, corporation, and City of Minneapolis, a municipal corporation,<br><br>Defendants. | Court File No.: 15-cv-01578 ADM/SER<br><br>AFFIDAVIT OF ERICA CHRIST IN SUPPORT OF DEFENDANT WHITTIER ALLIANCE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT |

Erica Christ, being first duly sworn, deposes and states as follows:

1. I am the Chair of the Board of Directors of Whittier Alliance, and I submit this Affidavit in Support of Defendant Whittier Alliance's Motion to Dismiss Plaintiffs' Complaint.

2. I have served on the Whittier Alliance Board of Directors since 2005 and have been the Chair since 2007.

**WHITTIER ALLIANCE OVERVIEW**

3. Whittier Alliance ("Alliance") is a Minnesota nonprofit organization. Attached hereto as Exhibit 1 is a true and correct copy of Alliance's Articles of Incorporation and Business Listing

4. Alliance receives some of its funding through the City of Minneapolis as a neighborhood organization, and that funding requires contracts. Most recently Alliance

1

entered into a contract for funding with the City in 2013. Attached hereto as Exhibit 2 is a true and correct copy of the 2013 NRP Agreement.

5. Alliance performs activities identified by the Alliance and Whittier community stakeholders as a benefit to the Whittier community and is supported by the Community Participation Program submission in doing so.

6. Alliance is the neighborhood organization for the Whittier neighborhood, which is located just south of downtown Minneapolis.

7. The Whittier community is comprised of approximately 13,700 residents, hailing from thirty countries and representing over twenty-five language groups. It is often referred to as "The International Neighborhood."

8. The 2013 NRP Agreement specifically requires Alliance to have and to follow its Articles of Incorporation and bylaws. It also requires Alliance to "have no barriers to participation" and to "be a democratically elected and representative group of the Neighborhood." Furthermore, Alliance agrees to "make every effort to ensure that participation in all phases of its activities is inclusive of all members of the neighborhood and represents the diversity of that membership."

9. Alliance holds community meetings to present and solicit information for neighborhood decisions, hosts community events and activities, and presents forums and seminars to educate the Whittier community about civic engagement and influence.

10. Alliance builds neighborhood relationships through numerous events annually, such as the Youth Field Day and the "Clinton Field Ice Cream Social."

11.  Alliance does not provide "direct social, housing, or educational services," but instead provides the Whittier community with lists of applicable agency and service resources.

12.  Alliance does not have any decision-making power. Rather, it serves in an advisory role on city issues, projects, and plans which impact the Whittier neighborhood.

13.  Alliance does not lease property from the City of Minneapolis (the "City"). Instead, Alliance rents from a private landlord at 10 East 25th Street, Minneapolis, Minnesota.

14.  Alliance does not pay funds to the City in the regular course of its operations as a neighborhood organization, although from time to time it does pay for permits and similar items just as any other organization or citizen would be required to do.

15.  Alliance receives funding from the Community Participation Program, the Neighborhood Revitalization Program, as well as from private grants and its own fundraising. Attached hereto as Exhibit 3 is a true and correct copy of the 2014 Alliance Annual Report.

### ALLIANCE BOARD MEMBERSHIP

16.  Membership on the Alliance Board of Directors is on a volunteer-basis; no board member receives any financial compensation or benefits for service on the Board of Directors.

17.  Candidates for a Director position must submit an application and meet the minimum requirements as outlined on the application and job description and summary to

serve on the Board of Directors. Attached hereto as Exhibit 4 is a true and correct copy of the Alliance Board Candidate Application.

18. The City does not control, coerce, or even influence Alliance's elections for its Board of Directors. Similarly, the City does not influence Alliance's maintenance of its online business directory, nor does it influence the drafting of its bylaws.

19. No City representatives sit on the Alliance Board.

20. The Board membership of fourteen members for 2014-2015 was as follows: seven women, seven men; nine Caucasian men and women born in the United States, two European immigrants, one Vietnamese immigrant, one Israeli immigrant, and one Somali immigrant.

## 2014 ALLIANCE ANNUAL BOARD MEETING

21. Plaintiff Zachary Metoyer ("Metoyer") was on the official ballot for the 2014 election, but he withdrew his candidacy from the ballot at the 2014 annual meeting prior to the vote. Attached hereto as Exhibit 5 is a true and correct copy of the 2014 Alliance Ballot.

22. Mohammed Isse, an individual I believe to be Somali-American, was also on the ballot for the 2014 election, but he voluntarily withdrew his candidacy from the ballot at the 2014 annual meeting prior to the vote.

23. Abdirahman (Abdi) Abdulle, an individual I believe to be Somali-American, was elected to the Board in the 2014 election, and he received the highest number of votes. He served on the Board but later resigned due to a change in his work schedule.

4

24. Plaintiff Mohamed Cali submitted his candidacy for the 2014 election, but he failed to submit a document of business ownership within the Whittier neighborhood as required by the bylaws. He therefore was not allowed to run for a position on the Alliance Board.

25. Plaintiff Marty Schulenberg, an individual I believe to be a Caucasian male, submitted his candidacy for the 2014 election, but he had no prior involvement with Alliance as required and so was not allowed to run.

26. Plaintiff Jay Webb submitted his candidacy for the 2014 election, but he had no prior involvement in any Alliance activities as required and so was not allowed to run.

27. Plaintiff Basim Sabri submitted his candidacy for the 2014 election, but he has demonstrated repeatedly that he does not support the aims and purposes of the organization and so was not allowed to run.

## 2015 ALLIANCE ANNUAL BOARD MEETING

28. On March 26, 2015, Alliance held its Annual Meeting, which includes the annual election to the Board of Directors.

29. This Annual Meeting was advertised thirty days in advance by electronic newsletter and both flyer and postcard to the Alliance's mailing list, as well as by newspaper notice and electronic posting, and the specific voting registration requirements were included in these notices and translated into both Spanish and Somali. Attached hereto as Exhibit 6 is a true and correct copy of the 2015 Alliance Annual Meeting Flyer & Postcard.

30. Alliance also translated the entire Membership section of the bylaws into Somali and Spanish and had copies of these available 16 days in advance of the meeting. Handouts of these bylaws were also distributed at the Annual Meeting. Attached hereto as Exhibit 7 is a true and correct copy of the 2015 Membership Bylaws Excerpt.

31. The only individuals who applied as candidates for the 2015 election were the same individuals who were listed on the official ballot: Laura Jean, Mike O'Dell, Jesse Oyervides, Erin Sjoquist, and Kenya Weathers. Attached hereto as Exhibit 8 is a true and correct copy of the 2015 Alliance Ballot.

32. These individuals were all voted in to serve as Board members.

33. Based on my observations, I believe these five new Board members consist of the following: one Caucasian male; two Caucasian females; one Hispanic male; and one African-American male.

34. None of the Plaintiffs in this action ran for a position on the Alliance Board at the Annual Meeting on March 26, 2015.

35. To my knowledge, none of the Plaintiffs in this action attended this annual meeting or voted in this Board election.

36. The eligible voting list applicable for the 2015 Annual Meeting includes 300 named individuals. According to my observation, approximately twenty-nine individuals appear to have a Muslim or Somali-sounding name. Attached hereto as Exhibit 9 is a true and correct copy of the most recent Alliance Eligible Voter List.

**PLAINTIFFS' INVOLVEMENT WITH ALLIANCE**

37. I served on the Board with Plaintiff Zachary Metoyer ("Metoyer") in 2013.

38. The Alliance bylaws at that time required removal of a Board member who missed three monthly meetings within a one-year period. Under the same bylaws, the Board member could appeal and be reinstated, but then must not miss more than one more meeting within the same one-year period. Attached hereto as Exhibit 10 is a true and correct copy of the August 2013 Alliance Letter to Metoyer.

39. Metoyer missed three meetings and was removed from the Board. Attached hereto as Exhibit 11 is a true and correct copy of the November 2013 Alliance Letter to Metoyer.

40. He appealed and was then reinstated. He subsequently missed two more meetings and was therefore removed. Attached hereto as Exhibit 12 is a true and correct copy of the January 2014 Alliance Letter to Metoyer.

### ALLIANCE'S 2015 AMENDMENT OF BYLAWS

41. Alliance recently amended its bylaws. Those bylaws were approved by the Alliance's eligible voting members on January 12, 2015. Attached hereto as Exhibit 13 is a true and correct copy of the 2015 Alliance Bylaws.

42. Membership in Alliance is open to everyone at least eighteen years old who agrees to abide by Alliance Articles of Incorporation and Bylaws, and who qualifies under one of the following criteria: is a resident of Whittier; owns property in Whittier; owns a business in Whittier.

43. Business owners have the right to vote once they have activated their membership by stopping in person at the Alliance office and providing proof of

ownership through a current state photo id and copy of business license, or a copy of a current bill or bank statement including the business name.

44.     In order to run as a candidate for an at-large director position on the Alliance Board, an individual must be an eligible Alliance voting member for at least six months, demonstrate current and ongoing participation with Alliance, demonstrate attendance at Alliance meetings or task forces within the current year, support the aims and purposes of Alliance, and must not have committed an act of malice or defamation against Alliance or otherwise disrupt the aims and purposes of Alliance.

45.     According to Alliance Bylaws, it is prohibited from discriminating on the basis of race or national origin, as well as other protected statuses.

### CITY INVOLVEMENT WITH ALLIANCE

46.     The City does not control, coerce, or even influence Alliance's elections for its Board of Directors.

47.     Similarly, the City does not influence Alliance's maintenance of its online business directory.

48.     The City also does not influence Alliance's drafting or adoption of bylaws. It merely reviews the proposed bylaws to ensure they are compliant with the Neighborhood Revitalization Program set forth in Minnesota Statute Section 469.1831.

Further affiant sayeth not.

_____
Erica Christ

Subscribed and sworn to before

8



MARIA DEL ROCIO GOMEZ MUNOZ
Notary Public
Minnesota
My Comm. Expires
Jan 31, 2016

me this \_\_\_\_\_ day of April 1, 2015.

_____
Notary Public

GP:3953444 v2