UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Basim Sabri, Marty Schulenberg, Mohamed Cali, Jay Webb, and Zachary Metoyer,<br><br>        Plaintiffs,<br><br>vs.<br><br>Whittier Alliance, a Minnesota not-for-profit corporation, and City of Minneapolis, a municipal corporation,<br><br>        Defendants. | Court File No. 15-cv-01578 (ADM/SER)<br><br>**AFFIDAVIT OF DAVID M. RUBEDOR** |

STATE OF MINNESOTA    )
                                   )SS
COUNTY OF HENNEPIN    )

David M. Rubedor, being first duly sworn, states and alleges as follows:

1. I am the Director of Neighborhood and Community Relations Department with the City of Minneapolis. I make this affidavit upon my personal knowledge and belief.

2. Since 1991, the City of Minneapolis has allocated funds for resident-driven neighborhood revitalization through the Neighborhood Revitalization Program (1991-2010) and Community Participation Program (2011-present).

3. If the Neighborhood and Community Relations ("NCR") Department and Minneapolis City Council approve a neighborhood organization's Neighborhood Priority Plan, the City of Minneapolis effectuates the Plan, with funds that are dedicated to the

particular neighborhood, by entering into separate contracts with various public agencies and private vendors, such as the Minneapolis Police Department or the Minneapolis Park Board and, in certain circumstances, the neighborhood organization.

4. Whittier Alliance is recognized by the City of Minneapolis as the neighborhood organization representing the Whittier neighborhood in Minneapolis.

5. Basim Sabri, Marty Schulenberg, Mohamed Cali, Jay Webb, and Zachary Metoyer (collectively the "Plaintiffs") did not appeal my decision, relating to their October 30, 2014 grievance to Whittier Alliance, to the Neighborhood and Community Engagement Commission.

6. The Plaintiffs did not submit a grievance to the City of Minneapolis's NCR Department relating to the alleged exclusion of Somali-American businesses from the Whittier Alliance business directory.

7. Neighborhood organizations are not required by the guidelines of the Community Participation Plan ("CPP") to maintain a business directory, or to include businesses as members.

8. The Plaintiffs did not submit a grievance to NCR relating to Article V, Section 2(F) of the Whittier Alliance's bylaws, which states that each at-large director of the Board of Directors must "not have committed an act of malice or defamation against the Whittier Alliance or any member of the Board of Directors or otherwise disrupt the aims and purposes of the corporation."

9. The City of Minneapolis does not require neighborhood organizations to include any specific provisions in their bylaws. The City does not propose bylaws, draft

new bylaws, or review bylaws for any other purpose than to determine compliance with CPP guidelines.

10. The bylaws of a neighborhood organization are not permitted to conflict with CPP guidelines as a condition of funding.

11. Any review of the bylaws of a neighborhood organization is limited to determining whether the bylaws comply with CPP guidelines, and to improve clarity. If a conflict is identified between the bylaws of a neighborhood organization and CPP guidelines, the City may recommend that the bylaws be revised to come into compliance with CPP guidelines or withdraw funding for the Neighborhood Action Plan.

12. The NCR Department has not been notified that any member of the Whittier Alliance attempted to be a candidate for the 2015 Board of Directors election and was denied the opportunity to be a candidate.

FURTHER your Affiant sayeth naught.



_____
David M. Rubedor

Subscribed and sworn to
before me this 31st day
of March, 2015.

_____
Notary Public
My Commission expires: 1-31-17



CHRISTINA L KENDRICK
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/17